**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| STEVEN VICTOR FLEMMING, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| JOY H. CONNOR, *et al.*, | : | NO. 5:07-cv-198 (HL) |
| | : | |
| Defendants | : | **O R D E R** |

Plaintiff **STEVEN VICTOR FLEMMING**, an inmate at the Stewart County Detention Center (the "SCDC") in Lumpkin, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint (Tab # 7).

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff's claim arises out of his alleged improper confinement at Washington State Prison ("WSP") and his subsequent transfer to the SCDC. Plaintiff was apparently held in WSP following the 2005 revocation of his probated sentence for a 1997 drug-related conviction. According to plaintiff, on November 16, 2006, Chief Judge Walter C. McMillan, Jr., of the Superior Court of Washington County, Georgia, granted plaintiff's state habeas corpus petition and ordered that plaintiff be released from state custody within thirty days. As quoted in this Court's July 20, 2007, order, Judge Robert S. Reeves, also of the Superior Court of Washington County, stated in an order dated May 17, 2007, that plaintiff's habeas petition had not been granted, that plaintiff had served his full state sentence, and that his claims for habeas relief were moot (Tab # 1, pt 3, plaintiff's ex. 10).

Although the facts alleged by plaintiff are confusing, plaintiff continues to argue that his

2

habeas was granted, or if it was not, it should have been, because special assistant attorney general Dan King failed to appear at the November 16, 2006 evidentiary hearing before Judge McMillan. Plaintiff provides no support, however, for his contention that his habeas petition was actually granted and, as noted above, his contention is expressly contradicted by Judge Reeves' order. Moreover, attached to plaintiff's complaint is a letter from special assistant attorney general Dan King to Judge McMillan, dated December 22, 2006, and updating Judge McMillan on the status of plaintiff's habeas action, as requested by Judge McMillan on November 17, 2006 (Tab # 1, pt. 3, plaintiff's ex. 8).

Plaintiff is presently confined at the SCDC, where he was transferred upon the expiration of his state sentence on March 11, 2007. He is being held in the SCDC as a criminal alien under federal immigration and deportation laws. On June 5, 2007, Immigration Judge William A. Cassidy ordered that plaintiff, a native and citizen of St. Kitts, Nevis, be removed to St. Kitts, Nevis, because of plaintiff's 1997 drug-related conviction. In his oral decision, Judge Cassidy found that "although [petitioner] has claimed the Court granted his habeas, there is no showing that that had been done (Tab # 7, pt. 4, plaintiff's ex. 3). Plaintiff has appealed Judge Cassidy's decision.

Plaintiff brings this section 1983 action against several WSP officials, various court employees, special assistant attorney general Dan King, the U.S. Immigration and Customs Enforcement ("ICE"), and the SCDC. Plaintiff appears to allege that the defendants violated his due process rights when they failed to release him from prison on or before December 16, 2007, as plaintiff believes Judge McMillan ordered or should have been ordered.

## III. DISCUSSION

"Detention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process." ***Douthit v. Jones***, 619 F.2d 527, 532 (5th Cir. 1980); *see also **Cannon v. Macon County, Ala***., 1 F.3d 1558, at 1562-63. As the Eleventh Circuit has noted, there exists "[t]he constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release...." ***Cannon***, 1 F.3d at 1563.

In the present case, however, plaintiff has failed to allege facts which would support the conclusion that plaintiff was unconstitutionally confined past his release date. Plaintiff's unsupported statement that Judge McMillan granted plaintiff's habeas petition on November 16, 2006 is explicitly contradicted by Judge Reeves' May 17, 2007 order, defendant Dan King's December 22, 2006 letter to Judge McMillan, and Immigration Judge Cassidy's June 5, 2007 decision. In the face of such clear evidence, plaintiff has submitted nothing other than his unsupported, conclusory assertion that Judge McMillan granted his habeas petition. Moreover, plaintiff's apparent alternative claim that Judge McMillan should have granted plaintiff's petition due to defendant Dan King's absence from the November 16, 2006 hearing is, on its face, invalid.

Plaintiff further appears to claim that his present confinement on immigration charges is invalid. Although the precise basis for this claim is unclear, plaintiff appears to rely upon either the alleged granting of his state habeas petition or the invalidity of his 1997 drug-related conviction. As noted above, plaintiff provides no facts supporting the conclusion that his habeas petition was, or should have been, granted. Plaintiff provides absolutely no support for his apparent assertion that his 1997 conviction was invalid.

*IV. CONCLUSION*

In light of the foregoing, the instant action is hereby **DISMISSED** as frivolous pursuant section 1915(e)(2).

**SO ORDERED**, this 4th day of April, 2008.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr